Per Curiam,
Plaintiffs requested a new trial in the court below because of (1) inadequacy of the verdicts, and (2) improper conduct of a juror. A new trial was refused, and plaintiffs have appealed.
Although there may have been no actual fraud or gross misbehavior on the part of anyone in this case, on the facts set forth in the record and the additional facts admitted at the argument before this Court a new trial will be granted. In our opinion, a new trial is required to assure a fair and impartial trial in fact as well as in appearance, and to preserve the orderly administration of justice.
A juror was a niece of the adjuster for the insurance carrier of one of the defendants. The adjuster talked to his' niece during a recess, and admittedly discussed *577 family matters with her. Other jurors could observe the meeting. The adjuster was in the court room at least during a part of the trial, and he there openly conversed with counsel for one of the defendants relative to this incident. The trial court should have had its attention called to the occurrence. The adjuster’s connection with and interest in the case must have been obvious to his niece and to the other jurors.
Judgments are reversed, and a venire facias de novo awarded.